Guy ALLISON, et al., Petitioners,

v.

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH,
PENNSYLVANIA, et al., Respondents.

No. C–5991.

Supreme Court of Texas.

June 17, 1987.

Rehearing Denied Sept. 16, 1987.

William R. Edwards, Edwards & Terry, Russell H. McMains, McMains & Constant, Corpus Christi, for petitioners.

George E. Pletcher, Helm, Pletcher, Hogan, Bowen & Saunders, Houston, James Allen Wood, Wood & Burney, Corpus Christi, Steve A. Bryant, Martin & Sperry, Houston, Van Huseman, White, Huseman, Pletcher & Powers, Corpus Christi, for respondents.

WALLACE, Justice.

This is a declaratory judgment suit which requires the court to construe certain Mary Carter agreements. The trial court rendered summary judgment in favor of Allison which the court of appeals reversed. 716 S.W.2d 669. We affirm in part, reverse in part, and remand the cause to the trial court for disposition of the funds in escrow.

In April 1981, a grain elevator exploded in Corpus Christi, causing property damage as well as a number of injuries and deaths. Multiple party lawsuits ensued. Through its insurer National Union Fire Insurance, defendant CEA Carter-Day Company entered into Mary Carter agreements with the various plaintiffs. The settlements made in personal injury and death cases contained pay-back provisions whereby the funds advanced by Carter-Day would be fully reimbursed out of a percentage of the recovery plaintiffs received from the other defendants. Carter-Day's settlement of the property damage claim, known as the Ireland claim, did not contain any pay-back provision.

The present declaratory judgment suit arose when the plaintiffs' attorneys contended that their contingent fees should be calculated based on gross settlement amounts rather than on the settlement amounts reduced by their clients' Mary Carter payments to National Union. Both sides filed motions for summary judgment.

It is undisputed that the Ireland claim is not subject to any pay-back agreement. Because no genuine issue of material fact exists as to that claim, the court of appeals erred in reversing that part of the trial court judgment disposing of the Ireland claim. TEX.R.CIV.P. 166–A. We reverse that part of the court of appeals' judgment relating to the Ireland claim and render judgment that petitioners are entitled to calculate their attorney's fees on the gross settlement amounts for that claim.

The Mary Carter agreements entered into by the personal injury plaintiffs typically contain pay-back provisions as in this case:

> It is further agreed and understood by the parties that it is the parties' intent that National Union be reimbursed to the extent of moneys expended on behalf of the undersigned plaintiff, as set forth below. In accordance with such intention, it is agreed and understood that to the extent that plaintiff is entitled to the proceeds of any further judgment or settlement in any capacity, that 50 cents of each dollar of such moneys actually recovered and paid to plaintiff shall be simultaneously paid over directly to National Union up to the maximum of [the amount paid by Carter-Day in settlement to the plaintiff].

The parties agree that the Mary Carter agreements are unambiguous. Accordingly, the intent of the parties must be determined from the plain language of the agreements. *Ideal Lease Service, Inc. v. Amoco Production Co.*, 662 S.W.2d 951, 953 (Tex.1983). The Mary Carter agreements express the intention of the plaintiff to fully reimburse Carter-Day. If attorney's fees are calculated on the gross settlement amount, Carter-Day will not be fully reimbursed as provided for in the agreements. Accordingly, the intent of the parties appears to be that the attorney's fees are to be paid only out of the actual recovery of the client. Consequently, we hold the court of appeals correctly reversed the summary judgments as to the personal injury and death claims.

The judgment of the court of appeals is affirmed as to the personal injury and death claims, reversed as to the Ireland claim, and the cause is remanded for disposition of the escrow funds in compliance with this opinion.